UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NADINE JOACHIN,

                        Plaintiff,

            -against-

CARE STAT STAFFING; ROCK
REHABILITATION NURSING HOME;
DAVID AMAR; CARMEN; ERICA,

                      Defendants.

23-CV-10803 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that Defendants discriminated against her when they denied her application for employment.[1] (ECF No. 5 at 2.) By order dated December 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff filed this action on December 12, 2023, and without direction from the Court, on February 13, 2024, Plaintiff filed an amended complaint.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Nadine Joachin initially brought this complaint for employment discrimination using the court's employment discrimination complaint form. Named as Defendants are Care Stat Staffing; Rock Rehabilitation Nursing Home; David Amer, and employee of Care Stat Staffing; and Carmen and Erica, employees of Rock Rehabilitation Nursing Home. On the form complaint, Plaintiff checked the boxes indicating that she was bringing this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Rehabilitation

2

Act of 1973 ("Rehab Act"), 29 U.S.C. §§ 701-796; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Laws, N.Y.C. Admin. Code §§ 8-101 to 131. Plaintiff did not identify her race, color, religion, sex, or national origin. She indicated that her disability or perceived disability is "criminal background history," and she identified her disability or perceived disability as "Mal-Practice Diagnosis."[2] (ECF No. 1 at 3-4.)

In her initial complaint, Plaintiff alleged that Defendants "hired me after paperwork were submitted then afterward denied my employment EEOC #520-2024-01540." (*Id.* at 5.) She further alleged

> I was contacted by David Amar for a CNA position which organization seemed to be promoting Sherman Antitrust Act violation & the violation of Rehabilitation Act of 1973. They hired me after I submitted paperwork then turned around later in the day violated my rights and denied me employment while lying.

(*Id.*) Plaintiff alleged that she received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), but she did not attach a copy of the Notice to her complaint, as the form directs. (*Id.* at 6.)

Plaintiff amended her complaint using the court's general complaint form and invoking both federal question and diversity of citizenship jurisdiction. In the section that asks Plaintiff which of her federal constitutional or federal statutory rights have been violated, Plaintiff wrote

> A Mal Practice Diagnosis took place at medical facilities where as employees where Mal practicing with falsifying documents and committing fraud and I am being discriminated against that diagnosis. Also, this agency violated might rights such as Americans with Disabilities Act, New York State Human Rights Law, New York City Human Rights law, Rehabilitation Act, and Equal Opportunity Labor Act.

---

[2] The Court quotes from the original and amended complaints verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

3

(ECF No. 5 at 2.)

> Plaintiff alleges
>
> I was contacted by David Amar for a CNA position which the organization seems to be promoting Sherman Antitrust Act of 1973. They hired me after I submitted paperworks and credentials then they turned around and no longer wanted to proceed on with the hiring process. They gave me the impression the were hiding someone else under my information and credential with possible bank fraud and forgery taking place. They are practicing unethical code of conduct that doesn't relates to labor laws and civil rights.

(*Id.* at 5.) In the Injuries section of the form complaint, Plaintiff writes "I was being stalked by unknown individuals threatening and harassed. They also called the N-words as if this isn't discriminatory behavior." (*Id.*) She seeks "monetary compensation of $100,000,000 for the Sherman Antitrust Act violation followed all acts and laws violated." (*Id.*)

## DISCUSSION

### A.   Employment discrimination

At the pleading stage in an employment discrimination action, a plaintiff must plausibly allege that the employer took adverse employment action against her, and that her race, color, religion, sex, national origin, age, or disability was a motivating factor in the employment decision. *See e.g. Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff does not provide any facts suggesting that she can state a cause of action under any of the antidiscrimination statutes that prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at

4

work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

To the extent that Plaintiff alleges that Defendants discriminated against her based upon her "criminal background history," such allegations fail to state a claim. Title VII does not prohibit employers from making decisions based on an individual's criminal convictions. *See e.g.*, *Booker v. City of New York*, 2017 WL 151625, at *3 (S.D.N.Y. Jan. 13, 2017) (collecting cases). If an employment practice – such as relying on an applicant's criminal history – has a disparate impact on an employee who is protected under Title VII in a way that can be correlated with that protected status, that employee may assert a disparate impact claim. *See Mandala v. NTT Data, Inc.*, 975 F.3d 202, 212 (2d Cir. 2020) ((holding that plaintiffs did not state a disparate impact claim). Plaintiff does not allege facts showing that Defendants have a practice of discriminating against individuals because of their criminal history, or that any such practice has a racially disparate impact.

As currently alleged, Plaintiff's amended complaint does not show that Defendants' decision not to hire her was based on any protected characteristic. The Court therefore grants Plaintiff leave to amend her complaint to allege, in support of any claim of employment discrimination she may be asserting, facts that suggest that Defendants considered any protected characteristic when denying her employment.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

5

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid employment discrimination and retaliation claims, the Court grants Plaintiff 60 days' leave to amend her pleading to detail her claims.

Plaintiff is granted leave to amend her pleading to provide more facts about her claims. In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each named defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the second amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-10803 (LTS). A Second Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 10, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

Do you want a jury trial?
☐ Yes    ☐ No

_____

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# SECOND AMENDED

# EMPLOYMENT DISCRIMINATION COMPLAINT

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

I. **PARTIES**

A. **Plaintiff Information**

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial         Last Name

_____
Street Address

_____
County, City                      State                Zip Code

_____
Telephone Number              Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____
                    Name

             _____
             Address where defendant may be served

             _____
             County, City            State           Zip Code

Defendant 2: _____
                    Name

             _____
             Address where defendant may be served

             _____
             County, City            State           Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City            State            Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City            State            Zip Code

## III.   CAUSE OF ACTION

### A.   Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐ race: _____

   ☐ color: _____

   ☐ religion: _____

   ☐ sex: _____

   ☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

B. **Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.     STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

V.   **ADMINISTRATIVE PROCEDURES**

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  _____

When did you receive the Notice?  _____

☐   No

VI.   **RELIEF**

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City          State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007